202 So.2d 287 (1967)
Howard J. DELAHOUSSAYE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
No. 2707.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1967.
Rehearing Denied October 4, 1967.
*288 Frank J. D'Amico, New Orleans, for plaintiff-appellee.
Porteous & Johnson, Ben C. Toledano, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and HALL, JJ.
HALL, Judge.
Plaintiff brought this direct action against the public liability insurer of William Connolly to recover for personal injuries and property damage which he received when his automobile was struck from the rear by a stake-body truck owned and driven by Connolly. Trial on the merits resulted in a judgment in plaintiff's favor for $6,795.83 plus interest and costs. The defendant insurer appealed.
Appellant's main contention is that there is no actionable negligence on Connolly's part since the accident was due solely to a sudden failure of the truck's brakes due to a latent defect therein. In the alternative appellant contends that the award of damages is excessive.
The record reveals no real dispute as to the facts. The accident occurred on Veterans Highway in Jefferson Parish on March 15, 1963 about 1:15 P.M. Plaintiff had been proceeding in a westerly direction on Veterans Highway and had come to a stop in traffic near the intersection of Oakland Drive when his car was run into from the rear by Connolly's truck which had been following plaintiff in the same lane of traffic. The traffic on Veterans Highway was extremely heavy and had been starting and stopping for some blocks before the accident. Connolly testified that he had been obliged to stop many times while following plaintiff's car and that he had experienced no difficulty whatever with his brakes. He further testified that when plaintiff came to the stop which immediately preceded the accident, he applied his brakes; that "they caught for a second and suddenly the pedal went to the floor." When asked whether he applied his emergency brake Connolly testified: "I reached for my emergency brake after I had pumped the pedal brake * * * a couple of times * * * By the time I got there I had hit the car ahead of me." Plaintiff himself testified that Connolly told him immediately after the accident that "he tried to use the emergency."
Connolly testified that when plaintiff came to a stop his truck was about a car length behind and was proceeding no faster *289 than 10 miles per hour when he applied his brakes. Plaintiff himself testified that traffic had been proceeding between 10 and 15 miles per hour between stops.
After the accident both Connolly and plaintiff observed a large quantity of brake fluid on the pavement underneath the truck. This was also observed by the mechanic who was called to tow in the car after the accident. He testified that upon arriving at the scene there was brake fluid all over but at the moment he could not find where it was leaking out.
This mechanic, Mr. John C. Dillenkoffer, was called by defendant both as a factual witness and as an expert in automobile mechanics.
Mr. Dillenkoffer testified that after towing the truck to his shop he found that the brake fluid had escaped from a pin hole which had apparently been rubbed in the steel brake line near the rear wheels. The pin hole was concealed behind a bracket which "bends up and holds the steel line against the third member" and could not have been known or discovered by Mr. Connolly prior to the accident. He further testified that the line was a high pressure line and if a leak occurred there would be no seepage but the fluid would leak out all at once. Mr. Dillenkoffer testified that he found nothing else wrong in the entire brake system and that when he replaced the line the brakes functioned perfectly.
The record reveals that Mr. Connolly's truck was a 1951 model Studebaker which he had purchased second-hand in August 1962. The record further reveals that on the very day he purchased it he had Mr. Dillenkoffer take it to his shop and to do everything necessary to put it in first class condition. The only thing that Mr. Dillenkoffer found wrong with the brakes was that the brake shoes were half worn but would last another year (which the record shows they did). Mr. Connolly testified that the truck had passed a brake tag inspection just a month before the accident.
We are convinced from the evidence adduced at the trial that the accident was due solely and entirely to a latent defect in the brakes of the truck. We are of the opinion that the proof on this point is sufficient to exclude any other reasonable hypothesis as to the cause of the accident.
The Louisiana Courts have for many years recognized the doctrine of latent defects in automobiles as a valid defense but have been extremely reluctant to invoke the doctrine perhaps from fear that such a defense would be abused. (See generally Hassell v. Colletti, La.App., 12 So.2d 31; Trascher v. Eagle Indemnity Co. of New York, La.App., 48 So.2d 695; Woodward v. Tillman, La.App., 82 So.2d 121; Dowden v. Jefferson Insurance Company, La.App., 153 So.2d 162; Robinson v. American Home Assurance Company, La.App., 183 So.2d 77.)
In the instant case we find no reason not to give full effect to the defense. The brakes had been operating properly up to the time of the accident and Mr. Connolly did not know or have any reason to know of any defect. The accident was due solely to the defective brakes. The defect was such that it could not have been discovered by any reasonable inspection of the system. The brakes had been inspected by a qualified mechanic prior to the accident and also immediately after the accident, and the mechanic's testimony shows that the only thing wrong was the pin hole in the high pressure line which was entirely hidden behind the supporting bracket. Finally it was shown that defendant attempted to apply his emergency brake.
We are of the opinion that the defendant has completely fulfilled the requirements shown by the jurisprudence to be necessary to a successful defense based on a latent defect in an automobile.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendant, State Farm Mutual Automobile Insurance *290 Company and against the plaintiff, Howard J. Delahoussaye, dismissing and plaintiff's suit; costs of both Courts to be borne by plaintiff-appellee.
Reversed and rendered.