FRUGÉ, Judge
(concurring).
While I agree that under the authority of Cartwright v. Firemen’s Insurance Company of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969), we are bound to hold that a defendant is not liable for damages resulting from a latent defect in his automobile, when it was shown that he used “reasonable means” to keep his vehicle in safe working condition, nevertheless I respectfully submit this concurring opinion for the following reasons.
It seems to me, that, as was stated in the concurring opinion in Cartwright v. Firemen’s Insurance Company of Newark, New Jersey, 213 So.2d 154 (La.App.3d Cir. 1968):
“In the light of modern traffic conditions and our crowded and urbanized society * * * certainly the better rule * * * would be instead to apply a strict liability against owners who permit vehicles with defective brakes— highly dangerous instrumentalities, whether the defects are latent or not — to be operated on the highways and to do harm to innocent persons lawfully on or near the highway.”
As was pointed out in the above mentioned concurring opinion, there is in the United States today a growing dissent from the traditionally prevailing majority view that a driver or operator of an automobile is not responsible for latent defects in the automobile when they are the cause of an accident.
In the light of the legislatively imposed duty to operate a safe vehicle; the appalling amount of damage and injury done to the innocent victims of automobile accidents ; and the increasingly dangerous propensities of automobiles and other motorized vehicles, can we continue to ignore these innocent victims by supporting this jurisprudentially created rule further?
Should we not, on the other hand, turn our attention to another rule of law which states that as between two innocent victims, the one by whose action the wrong could have been prevented must bear the loss?
As stated above, I feel constrained because of the Supreme Court’s holding in the Cartwright case to agree with the holding of the majority opinion, and I wish to assign that as my reason for agreeing with the majority opinion. In this case, I do feel the better rule would be to apply the concept of strict liability in cases of latent defects, such as the one involved here.