FRUGÉ, Judge.
This is an action for personal injuries and special damages arising out of a rear-end collision.
Defendant has appealed from an adverse judgment, and plaintiff has answered his appeal seeking an increase in the amount of general damages. We affirm.
The collision occurred when Mrs. Yoc-um’s automobile collided with the rear end of Mr. Keck’s vehicle which was stopped behind a line of traffic at an intersection.
Defendant contends that the trial judge committed manifest error by failing to recognize that the accident was caused by a latent defect in her brakes which failed to stop the automobile in sufficient time to avoid the collision. This defense has been recognized in some instances, but we are of the opinion that this case is not one in which that defense can be maintained.
In order for latent defects to constitute a valid defense, the proof must be strong enough to exclude any other reasonable hypothesis as to the cause of the accident except that it resulted from the alleged defects. Cartwright v. Firemen’s Insurance Company of Newark, New Jersey, 213 So.2d 154 (La.App. 3rd Cir., 1968), affirmed at 254 La. 330, 223 So.2d 822 (1969); Towner v. Milligan, 234 So.2d 500 (La.App. 3rd Cir., 1970); Delahoussaye v. State Farm Mutual Automobile Insurance Co., 202 So.2d 287 (La.App. 4th Cir., 1967).
The only proof offered by the defendant for this defense was that of her *470 self and of her daughter, who was a passenger in the automobile at the time of the collision. Both testified that the brakes of the automobile were operative before the collision, but at the time of the collision, the brake pedal went to the floor and the brakes failed to stop the automobile.
The daughter testified that the brakes would not hold even after the accident, but yet she drove the same vehicle to school. She explains this in her testimony by saying that she drove the vehicle very slowly.
There is, however, other evidence in the record that indicates that the brakes were operative after the accident. One of the investigating officers at the scene of the accident moved the defendant’s vehicle off of the highway for about a distance of 10 feet, and he concluded from moving the vehicle that the automobile did have brakes. There were no notations or telltale signs of leakage at the scene of the accident or of any testimony how the alleged defected brakes were corrected after the accident.
The other investigating officer testified that after the accident, Mrs. Yocum explained that her wheels failed to adhere to the wet pavement.
The testimony offered by Mrs. Yocum fails to adequately dispel a conclusion that she was negligent in the operation of her vehicle. The highway, for a considerable distance before reaching the intersection, is straight and level. The defendant stated that she saw the stopped cars long before she reached them. After her brakes failed, she apparently did not attempt to use her emergency brakes, which under the circumstances she surely could have used for she testified she was only going from 10 to 15 miles per hour, and as the street at that particular point was straight and level, she would have had no problem with gravitational forces.
A more important possibility of error indicated in the record is that the trial court erred in its assessing of quantum.
The appellant is of the opinion that the judge relied in part on the veracity of the plaintiff’s testimony in assessing quantum and for that reason argues that the court was in error for refusing to permit him to attack the veracity of the witness by showing his reluctance to submit to a physical examination by a physician chosen by the defendant. We do not feel compelled to accede to appellant’s contention that the trial court erred. In Lindsey v. Escudé, 179 So.2d 505, (La.App. 3rd Cir., 1965), this court, in interpreting C.C.P. Article 1493, held that a compulsory examination by ex parte order was alien to our system of procedure and stated:
“Moreover, a compulsory examination of an individual involves a sensitive question touching closely upon the constitutionally protected sanctity of the person.”
We are not prepared to now do violence to that same sensitivity by permitting defendant to impugn plaintiff’s veracity because he was not willing to forsake his near “constitutionally protected sanctity of person”. We agree with the trial judge that defendant had a proper avenue to pursue such an examination through C.C.P. Article 1493.
Mr. Keck sustained injuries to his neck and shoulder. The injuries did not require him to immediately go to the hospital, but he did go for medical attention within six days after the accident. The injury to the shoulder cleared up rather rapidly and did not produce a great deal of pain and suffering. The neck injury, however, was categorized by the treating physician as a “moderately severe whiplash-type injury”. The tending physician recommended and administered a program of treatment for a period of approximately three months. This treatment consisted of applications of diathermy treatments, oral medication, traction, and injections.
The muscle spasms that plaintiff suffered produced some deviation in the nor *471 mal curvature of the cervical area. At the time of the trial, plaintiff was still experiencing some occasional discomfort.
The majority of this court thinks that the award in this case of $2,750.00[1] was sufficient to properly reimburse the injuries that plaintiff received. We have been cited cases in which both higher and lower awards were affirmed, but we think an award of this amount is much more in align with the cases in this area, and more importantly, comports with the facts and circumstances of this case. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
For the foregoing reasons, the judgment appealed from is affirmed. Appellant to pay the costs of this appeal.
Affirmed.

. The author is of the opinion that the record more adequately supports an award of $4,750.00, and consequently feels that the award should be raised from $2,750.00 to $4,750.00.