On the Merits
The facts on the merits are not in dispute. Defendant, Wright, was driving his automobile some distance in rear of the Muller vehicle. On two occasions within a few minutes of the subject accident, Mr. Wright had effectively and uneventfully made application of the brakes on his vehicle. On attempting to stop his automobile as he approached the rear of the Muller vehicle he made the usual and customary application of the foot brake pedal whereupon he heard a pop and he was without brakes. Instantly he reached for and applied the hand brake but not in time to avoid the collision with the rear of the Muller vehicle.
As a finding of fact, the trial judge stated:
“By a clear preponderance of the evidence, Mr. Wright proved that the brake hose was improperly and negligently installed and it eventually wore thin and broke, causing the March 31, 1964 accident.”
We agree with the trial court that the evidence herein clearly preponderates in favor of the position of Mr. Wright that his automobile was afflicted with a latent defect which caused the accident. The brake system had been overhauled and new brake hoses were installed by Howard Motors, Inc., five months prior to the accident. The vehicle had been driven during the interim between repair and accident a distance of only 1300 miles. The brake hose was viewed by the trial court. It showed that a hole had worn through from rubbing on the control arm of the steering mechanism. Mr. Wright testified that the policeman who investigated the accident found hydraulic brake fluid from the worn ruptured brake hose at the scene of the accident. Nothing had occurred in the operation of the vehicle or application of the brakes to suggest to, warn him of or put him on notice that there was anything about to fail in the brake system. There had been no untoward braking action prior to Mr. Wright hearing the pop at the time the brakes failed momentarily before the accident. We find that Mr. Wright had exercised reasonable care in the maintenance of his vehicle.
The courts of this state have long recognized the doctrine of latent defects in automobiles as a valid defense to actions ex de-licto arising out of accidents. See Hassell v. Colletti, La.App., 12 So.2d 31 (1943); Ross v. Tynes, La.App., 14 So.2d 80 (1943) ; Trascher v. Eagle Indemnity Co. of New York, La.App., 48 So.2d 695 (1950); Breaux v. Valin, La.App., 138 So.2d 405 (3rd Cir. 1962); Delahoussaye v. State Farm Mutual Automobile Insurance Company, La.App., 202 So.2d 287 (4th Cir. 1967); and Cartwright v. Firemen’s Insurance Company of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969).
We are convinced both by reason of the finding of the trial judge and our own evaluation of the evidence that had the third party plaintiffs asserted the available defense of latent defect of the brake system of defendant Wright’s vehicle, the tort action of plaintiffs could have been successfully defended.
Where an action brought by an injured person against an alleged tort- *198 feasor results in the alleged tortfeasor compromising the claim or being cast in judgment, no indemnification or contribution can be recovered by the party cast against a third party if the party cast had a defense available which would have defeated the action but failed to assert it. As a complete defense was available to third party plaintiffs and this they failed to assert, they are not entitled to either indemnification or contribution from the third party defendants.
For the foregoing reasons the judgments appealed from in favor of Charles L. Wright, Jr., and Home Indemnity Company against Howard Motors, Inc., and Zurich Insurance Company are reversed, annulled and set aside, and there is judgment herein rejecting the demand of the third party plaintiffs at their costs.
Reversed.