Application denied; the judgment complained of is not final.

267 So.2d 211

STATE of Louisiana ex rel.
Paul BROUSSARD

v.

Harold GAUTHE and Lafayette Parish
School Board, Intervenor.

No. 52877.

Oct. 19, 1972.

Application denied. The result is correct.

BARHAM, J., concurs in the denial. The action is incorrectly styled one under the "Intrusion into Office Statute" R.S. 42:71–87. The suit is one in Quo Warranto. Code of Civil Procedure Arts. 3901–3902. The definition of "Public Offcer" is contained in R.S. 42:71 and does not apply to this officer. "Public Officer" under the Code provisions does include this office holder.

267 So.2d 211

Joseph Enos THERIOT

v.

TRANSIT CASUALTY COMPANY and
Jim S. Hebert.

No. 52872.

Oct. 19, 1972.

Writ denied. The result is correct.

BARHAM and TATE, Justices, concurring in the writ denial: While the result is correct, we are of the opinion that liability for the damage here should be founded upon the theory of strict liability under Civil Code Articles 2315 and 2317. In Cartwright v. Firemen's Insurance Company of Newark, New Jersey, 254 La. 330, 223 So.2d 822, this court said that although Article 2317 made one responsible for damage occasioned by "the things which we have in our control", that article was modified by Articles 2315 and 2316. That case then stated that "fault" under those articles was a prerequisite to recovery in cases such as this, but the court construed "fault" at that time to mean only "negligence". In Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133, this court expanded the "fault" concept and categorically held that "fault" as defined in Articles 2315 and 2316 included acts and omissions other than those defined as negligent. The Cartwright rationale is therefore inapplicable now, and the application of res ipsa loquitur by the appellate court to establish negligence in the case at hand was unnecessary. The owner of the vehicle from which the tire was thrown is responsible for the damage occasioned to the innocent third party under the theory of strict liability. See concurrence in Cartwright v. Firemen's Insurance Company of Newark, New Jersey, 213 So.2d 154 (La.App. 3rd Cir. 1968).