MILLER, Judge.
The trial judge rejected plaintiff’s claim for personal injuries arising out of an in-tersectional collision, finding that the accident was caused by a latent defect in defendant’s brakes. The trial court also denied the third-party action of plaintiff’s insurer against defendant under its uninsured motorist coverage. Plaintiff appealed and plaintiff’s insurer appealed on the third-party demand.
We affirm. The evidence supports the finding that the accident was caused by a latent defect in the brake system of defendant’s vehicle.
After the transcript of appeal was lodged in this court, plaintiff filed an ex parte motion to remand on the grounds of newly discovered evidence. The motion is denied. Rule 7 of the Uniform Court Rules for the Courts of Appeal requires, among other things, that the motion be a joint motion signed by all interested parties or their attorneys and supported by appropriate affidavits. Plaintiff’s motion was not joint nor was it accompanied by affidavit. Moreover we do not find that the ends of justice would best be served by a remand of this case.
This accident occurred at about 5:00 P.M. on December 19, 1968, at the intersection of McNeese and Common Streets in the City of Lake Charles. Traffic was controlled at the intersection by an electric signal light. Plaintiff was driving his Chevrolet pick-up truck west on Common Street and stopped at the intersection in obedience to a red traffic signal. When the light turned green plaintiff proceeded into the intersection and when he reached the center he was struck on the left side by a 1964 Ford Sedan owned and driven by defendant, Raymond LeDoux.
LeDoux testified that he was traveling about 35 mph in a 45 mph zone. When he was about 100 feet away from the intersection he applied his foot brake which went *415 straight to the floor with no response; that he then applied his emergency brake with the same result and then turned into the left lane to go around the cars stopped in his lane for the red light, went into second gear and tried to go into low gear but was unable to stop the car which proceeded into the intersection and struck plaintiff’s pick-up truck.
LeDoux stated he purchased the Ford sedan eight or nine months prior to the accident and that some three months before the accident he had noticed brake fluid leaking at the right front wheel. He replaced this brake cylinder and checked for leaks in the other three brake cylinders. There were none. He also replaced a bearing and seal in the left rear wheel sometime before the accident. The brake cylinder was not leaking at that time. After the present accident he replaced the kit in the left rear wheel, adding brake fluid, this being the wheel in which brake fluid had been seen leaking out of the cylinder immediately after the accident. He also testified he checked the master cylinder for brake fluid content about once a week. His attention to these matters resulted from his having formerly done mechanical work for a period of about fifteen years. In the last five years he had only attended his own car.
Mr. J. Savoie, a police officer investigating the accident with officer Robert Allen, testified that he found brake fluid on the service station driveway just back of the LeDoux vehicle where it had come to rest after the accident. He also saw a small stream of fluid on the concrete and stated that the left rear wheel and drum on the vehicle were wet with brake fluid. Brake fluid was found on the inside of the tire radiating like spokes of a wheel. This indicates that the brake cylinder failed while the wheel was turning. The officer put his foot on the brake pedal of the LeDoux vehicle and it went immediately to the floor. He tried to pump the brakes but there was no pressure. Mr. Allen, the other police officer, did not recall seeing any liquid on the ground but he did see brake fluid on the inside left rear wheel of the vehicle. Officer Allen talked to LeDoux at the hospital and LeDoux told him that his brake pedal went to the floor and he could not stop prior to the collision.
Mr. LeDoux’s daughter, Mrs. Barbara Breaux, testified that she drove her father’s car frequently, as much as seven to ten times a week, and had driven it to the store and back around noon on the day of the accident. She had never had any trouble with the brakes and no indication of brake weakness or failure. Another daughter, Mrs. Hilda Sterling, testified she had driven the car some two weeks prior to the accident and that the brakes were in good condition.
Mr. Joseph E. Addison, owner of Addison Brake Clinic, who had been engaged in the auto repair business for thirty-nine years, testified that the evidence in the case indicated a wheel cylinder went out causing loss of brake fluid. He stated that the brake fluid goes to all four wheels by different lines and that hydraulic brakes have the pressure equalized by a hydraulic pump and that if there is a ruptured line or cylinder the pressure cannot be maintained.
The trial judge found that the defendant, LeDoux, had inspected his brakes prior to the accident and found them to be in good working order; that the brakes suddenly failed; and that LeDoux properly used the short time available to him in an unsuccessful effort to stop his vehicle prior to the collision. We find no manifest error in this assessment.
In Cartwright v. Firemen’s Insurance Company of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969) our Supreme Court unanimously refused to extend the doctrine of strict liability to cases involving latent brake defects. The court said “ * * in suits sounding in tort, there can be no recovery without fault except in those instances where strict liability is provided by legislative action.” The decision then *416 rejects the argument that the legislature intended, under certain provisions of the Highway Regulatory Act, to apply strict liability to brake failure cases.
Under Cartwright, plaintiff has the burden of proving negligence on the part of the defendant motorist. This he has failed to do. The testimony of the plaintiff, the two investigating officers, and the physical evidence indicate without contradiction that the brakes suddenly failed. Plaintiff argues that the defendant LeDoux could have maneuvered his car to avoid the accident. But the evidence does not support this. We find no manifest error in the trial court’s conclusion that LeDoux’s reaction to the emergency were those of a reasonable and prudent man.
The judgment of the trial court is affirmed. Plaintiff-Appellant shall pay the costs of this appeal.
Affirmed.