SCHOTT, Judge.
Plaintiff appeals from a dismissal of his suit for damages arising out of an automobile accident with defendant, Mrs. Lombard on June 25, 1971. The successful defense urged by the defendants was the existence of a latent brake defect in their automobile without any showing of negligence on their part.
The accident occurred on Robert E. Lee Boulevard at the intersection with Marconi Drive in the City of New Orleans. Plaintiff, who had been proceeding east on Rob *89 ert E. Lee, brought his automobile to a stop in obedience to an electric semaphore signal at the intersection and after a few seconds was struck from the rear by Mrs. Lombard’s automobile. Mrs. Lombard testified that she had come off a bridge on Robert E. Lee approaching the intersection when she saw plaintiff’s automobile stopped ahead of her. She attempted to stop her automobile but her brake pedal went to the floor. She pumped her brakes, tried to swerve, and “did everything to attempt to avoid this accident” but collided with the rear of plaintiff’s automobile. She was unable to say what her speed was when she first saw plaintiff’s automobile ahead of her, how far from his automobile she was at the time and the record is silent as to any mention of her emergency brake.
In the case of Cartwright v. Firemen’s Insurance Company, 254 La. 330, 223 So.2d 822, the Supreme Court held that an automobile owner is not liable for damages caused by a defect in the vehicle where he had no reasonable means of discovering such defect and used every precaution to maintain the machine in safe condition. The Court there firmly rejected the concept of liability under such circumstances without fault and approved of the defense to claims for damages where it is shown that there was a latent defect in the automobile which caused the accident through no fault on the part of the owner or driver of the car.
In Towner v. Milligan, 234 So.2d 500 (La.App. 3rd Cir. 1970) the Court summarized the applicable principles to the effect that
“. . . a driver generally is not held to be responsible for latent defects in his car where he exercises reasonable care in having the car inspected and he has had no reasonable prior notice of a defective condition. In order for latent defects to constitute a valid defense, however, the proof must be strong enough to exclude any other reasonable hypothesis as to the cause of the accident except that it resulted from the alleged defects. The evidence must establish that the driver was not aware of the defects, and that the defects could not reasonably have been discovered by a proper inspection.”
Applying these principles the courts have in a number of cases found that the evidence was sufficient to support the defense under discussion. Cartwright v. Firemen’s Insurance Company, supra; Delahoussaye v. State Farm Mutual Automobile Insurance Company, 202 So.2d 287 (La.App. 4th Cir. 1967); Towner v. Milligan, supra; Mallett v. State Farm Mutual Automobile Insurance Company, 240 So.2d 413 (La.App. 3rd Cir. 1970); Dupre v. American Motorists Insurance Co., 246 So.2d 391 (La.App. 1st Cir. 1971). When the evidence adduced in these cases is compared with the evidence in the instant case we are led to a conclusion that there was not sufficient evidence presented by the defendants in the instant case to support the defense, and for that reason we reverse the decision of the trial judge in dismissing plaintiff’s suit.
There can be no doubt that the nature of the brake defect itself was such that it might support the defense in this case. Defendant, Mr. Lombard, was qualified as an expert mechanic and testified that the cause of the brake failure was a rupture in the hose for the hydraulic brake fluid leading to the master brake cylinder and upon application of the brakes after this rupture the fluid ran out of the entire system. On his inspection of the automobile shortly after the collision he found some of the fluid on the wheel of the automobile. It is significant that this particular problem of the brakes in the instant case is very similar to, if not the same as, the brake defects which gave rise to the successful defenses in almost every one of the cases cited above.
But in the cases cited there is much more evidence than just the nature of the defect itself in order to support the defense. For instance, in Cartwright the Court found that the defendant driver was *90 going only 5 to 10 miles per hour and was only one and half car lengths behind plaintiff’s automobile stopped ahead of him when he applied his brakes and found that they were not operative. He had had his automobile inspected every six months for defects, had brake repairs done about six weeks before the accident, and had had no advance notice of any weakness of the brake line. In Delahoussaye the accident occurred in heavy traffic and defendant had been obliged to stop many times while following plaintiff’s car but he had experienced no difficulty until the particular moment when the accident occurred and he found that he had no brakes as he attempted to stop. At that time he was only a car length behind plaintiff and was proceeding no faster than 10 miles per hour. In Towner the defendant was traveling only 10 to IS miles per hour and was only 25 to' 30 feet behind the stopped automobile of plaintiff when he tried to stop, finding that he had no brakes. Without difficulty he had stopped for at least four intersectional traffic lights just before the accident. In Mallett, defendant was traveling 35 miles per hour and a hundred feet away from plaintiff when he tried to stop only to find that he had no brakes. In the instant case there is no testimony as to Mrs. Lombard’s speed or distance from the plaintiff when she tried to stop. Nor is there evidence of past inspections or maintenance of the car or Mrs. Lombard’s experience with the brakes just prior to their failure.
In addition, in the cited cases there is specific mention of the emergency brakes, to wit, that defendant attempted to apply his emergency brake as in Mallett and De-lahoussaye or that he was excused from the application of the emergency brake because he had no time to do so as in Cart-zvright and Towner. In the instant case, not only is there no testimony that an attempt was made to use the emergency brake but in the absence of evidence as to defendant’s speed and distance from plaintiff’s vehicle when she tried to stop we cannot find that she had insufficient time in which to use her emergency brake.
Having found that defendants did not successfully make out their defense of a latent brake defect, we find that plaintiff is entitled to recover the cost of repairing his automobile in the amount of $404.46. He testified that he suffered a sprained neck which bothered him for three or four weeks and saw a doctor once incurring medical expense in the amount of $25.00. For his pain and suffering plaintiff is entitled to recover the sum of $250.00.
Accordingly the judgment of the trial court is reversed and there is judgment in favor of the plaintiff, Frank Liuzza, and against the defendants, Eva Lombard, wife of/and Fred Lombard in the full and true sum of $679.46, with legal interest from date of judicial demand until paid and for all costs of these proceedings including the costs of this appeal.
Reversed and rendered.