292 So.2d 791 (1974)
Maurcie K. FERGUSON et ux.
v.
CHRYSLER CORPORATION.
No. 9769.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
D. Bert Garraway, Baton Rouge, for appellants.
Cary J. Guglielmo, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and VERON, JJ.
VERON, Judge.
This is a suit arising out of an automobile accident which occurred on November 17, 1970, on the Airline Highway in the City of Baton Rouge. Two original suits were filed in this matter, and were consolidated for trial. Judgment was rendered in favor of Ricky Achord, plaintiff in the initial suit, for the damages he sustained as a result of the accident, and against Maurice K. Ferguson and Mrs. Frances C. Ferguson. All claims against Chrysler Corporation were dismissed.
The only issues remaining for determination on this appeal concern the claim of the Fergusons for indemnification from Chrysler in the amount of their liability to Achord. The Fergusons have alleged that Mrs. Ferguson's collision with Achord resulted from faulty construction of the *792 throttle assembly of their Dodge automobile, causing the engine of the car to race suddenly when Mrs. Ferguson attempted to apply the brakes immediately prior to the accident herein. They conclude, therefore, that negligence by Chrysler in the manufacture of the automobile was the proximate cause of the collision.
The Fergusons allege the trial court erred in: (1) accepting the opinions of Chrysler's expert witness over those of experts produced by the Fergusons; (2) not giving sufficient weight to the testimony of Mrs. Ferguson; and (3) admitting into evidence a mock-up of the Dodge automobile engine assembly which was produced by Chrysler.
Two automobile consultants, Alvin Doyle and Leo W. Wrotten, were produced by the Fergusons. Erwin Meissner was Chrysler's expert. In concluding that the Fergusons' experts were in "substantial error" regarding the operation of the throttle assembly of the Ferguson automobile, the trial judge stated in his written reasons for judgment:
"Simply put, Doyle and Wrotten found that a nut which secured a clamp on the throttle control cable had not been tightened sufficiently and they believed that this caused the cable to slip rearward preventing the throttle from properly closing and, therefore, resulting in the engine racing full throttle. This appeared to be a convincing description of the function of the nut and clamp until the explanation of their real purpose in the assembly was vividly demonstrated by Chrysler's representative, Erwin Meissner, using a mock-up of the actual assembly in the Dodge automobile. Mr. Meissner specializes in the throttle system of the Dodge automobile and has made repeated tests in the displacement of the engine and its parts in hard braking situations. He said that these tests showed that if the engine is displaced because of a sudden stop or impact, a rearward movement of the throttle assembly could occur preventing the throttle from properly closing and thereby permitting the engine to race. He also graphically illustrated the fact that the cable would not move rearward if the nut was untightened, but that the cable would always tend to move forward upon release of the accelerator pedal, and this would occur irrespective of whether or not the clamp was secure or not. (Emphasis in original) He finally demonstrated that the sole function of the nut and clamp was to position the cable and prevent it from drifting from its normal configuration. He concluded that the rearward displacement of the cable was caused by the impact of the car in the collision."
The record amply supports the reasoning of the trial judge, and we see no error in his acceptance of Mr. Meissner's expert opinions as the correct analysis of the operation of the Dodge throttle assembly found in the Ferguson's car.
In light of this conclusion, we fail to see how giving greater weight to the testimony of Mrs. Ferguson would affect the result of this suit. Much of her testimony was inconclusive, and we believe that the trial judge who heard the case accorded it proper weight.
The final issue raised by the Fergusons concerns the admissibility of the mock-up of the engine assembly which was produced by Chrysler. This demonstrative evidence was admitted after determining that it was identical to the throttle system that was in the Ferguson automobile. The connexity was clearly shown and never seriously questioned. Under these circumstances, receipt of the mock-up as evidence was proper.
In Ryan v. Rawls, 260 So.2d 137 (La. App. 2d Cir. 1972), the court cited a long line of jurisprudence in concluding that:
"In order for latent defects to constitute a valid defense, (a) the proof must be so strong as to exclude any other reasonable *793 hypothesis as to the cause of the accident except that it resulted solely from the alleged defects, and (b) the evidence must establish that the motorist was not aware of the defects and that the defects could not reasonably have been discovered by proper inspection."
The trial judge found herein that Mrs. Ferguson's failure to keep her vehicle under proper control, not the existence of a latent defect, was the sole and proximate cause of the accident. We find no manifest error in his conclusion.
For the foregoing reasons, the judgment appealed from is hereby affirmed at appellant's costs.
Affirmed.