MILLER, Judge.
Mr. Davis Littleton’s pickup truck was rear-ended by a truck owned by Arrow Foods Distributor, Inc. and insured by Phoenix Insurance Company of Hartford. Littleton seeks damages for a cervical strain and for repairs to his truck. The trial court found that the accident was unavoidable because of latent defects in the braking system of the Arrow truck, and plaintiff has appealed.
The accident occurred at • about 7:30 A. M. on May 2, 1968 near the intersection of Lee Street Extension and Duhon Drive within the City of Alexandria. Prior to the accident both the pickup truck driven by Littleton and the Arrow truck driven by its employee Mr. Jimmy Wenslow, were proceeding on Lee Street Extension in a southerly direction toward MacArthur Drive. Lee is a four-lane thoroughfare with two lanes for traffic in each direction.
Littleton had been traveling about 35 miles per hour and had passed on the right side of the Arrow truck which was then proceeding about 30 miles per hour in the inside lane of the thoroughfare. After *132 Littleton passed the Arrow truck, he pulled into the inside lane preparing to turn left on Duhon Drive. As he approached the intersection, he signaled his intention to turn left, applied his brakes and had almost come to a stop when he was struck from the rear by the Arrow truck.
Plaintiff testified that as he was coming to a stop he observed in his rear view mirror that the Arrow truck was overtaking him and that it was then about two truck lengths to his rear.
Mr. Jimmy Wenslow, driver of the Arrow truck, testified that plaintiff passed his truck and also entered the inside lane a few blocks before reaching the intersection; that as plaintiff slowed to make his left turn, Wenslow looked to the right to see if he could pass the pickup truck on the right, but seeing that other traffic prevented this, he immediately applied his brakes which went to the floor without causing any slowing of the truck; that he also applied his emergency brake, but the accident then occurred.
At the scene of the accident during the investigation, both Wenslow and the investigating officer pushed the brake pedal of the Arrow truck and it went to the floorboard while Wenslow pushed it, and almost to the floorboard while the officer pushed it.
Immediately after the investigation following the accident, Wenslow brought the truck to a garage to have the brakes repaired. The mechanic, Mr. Charles Salard found that the brake fluid level was as it should be, and that all fittings were in good condition, but that the brake pedal did go to the floor. Mr. Salard got under the truck in the vicinity of the power booster after instructing Wenslow to continue to pump the brakes. While in this position, Mr. Salard heard the booster system start operating properly and told Wenslow that the system was then working properly and it was.
The trial court was impressed with the qualifications of Mr. Salard, a mechanic with some 10 years’ experience, who had repaired over two hundred power booster type brake systems. The Court accepted the opinion advanced by Salard that the braking system sometimes fails without any prior warning; that such a failure could have been caused by trash or debris which caused the diaphram in the power booster to stick and that this condition made the brakes inoperable; that there was no inspection which would disclose this condition and no maintenance which could be performed which would prevent this condition. The diaphram is enclosed in a metal housing and cannot be inspected. The only way that the condition of the diaphram can be checked is to completely disassemble the power booster brake system.
Mr. Wenslow and one other driver had been operating this truck for many months and Wenslow testified that they had never had trouble with the braking system before, and that the braking system worked perfectly on the morning of the accident up to the time of the accident.
Applicable here is the rule that in order for latent defects to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defects, and it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection. Furthermore, the failure of a motorist to use his emergency brake constitutes negligence and a cause of the accident, if there is a reasonable opportunity to do so effectively after the ordinary foot brakes fail. Cartwright v. Firemen’s Ins. Co. of Newark, N. J., 213 So.2d 154 (La.App. 3rd Cir., 1968); Delahous-saye v. State Farm Mutual Automobile Insurance Co., 202 So.2d 287 (La.App. 4th Cir., 1967); Robinson v. American Home Assurance Company, 183 So.2d 77 (La.App. 3rd Cir., 1966).
We find that the trial court erred in concluding that the proof was so strong *133 that it excluded any other reasonable hypothesis than that the accident resulted from a latent defect.
Here, defendant did not allege in his answer that the accident was unavoidable and resulted because of a latent defect in the brake system. Defendant did not produce its employee, the alternate driver of the Arrow truck involved in the accident, notwithstanding the fact that Wenslow testified that the alternate driver drove the truck as much as Wenslow. Therefore, we have only hearsay testimony to rule out the possibility that the alternate driver did not have this same trouble on a prior occasion.
Defendant did not produce a repairman who actually repaired the brakes. In answer to interrogatories, defendant stated that repairs were made to the truck “on May 2, 1968 (presumably by Salard) and during the following week.” It must be noted that Salard did not make any repairs to the brakes, but was simply of the opinion that the brakes “cured themselves.” While we are impressed with the expert testimony of Mr. Salard, we have no facts on which to base his theory that the brakes failed because some trash or debris caused the power booster to stick. We find that defendant failed to prove facts which would substantiate Salard’s theory. If the mechanic who actually repaired the truck could produce such facts, defendant should have presented this evidence.
Plaintiff’s pickup truck received damages which cost $76.12 to repair. He did not seek medical attention until May 4th, at which time he was hospitalized in Murrell Clinic and Hospital. The only medical testimony was supplied by Dr. Ronald K. Tischler, Surgeon, Dr. Raymond J. Beurlot, Orthopedic Surgeon, and Dr. Francis M. Brian, General Practitioner, all of Alexandria and all called as witnesses for plaintiff.
Dr. Tischler was the original treating physician and first saw plaintiff on May 6th. His diagnosis of an acute (interpreted by the Dr. as “recent”) cervical strain, was based on plaintiff’s complaints of tenderness and the moderate amount of muscle spasm found over the posterior neck area. Treatment consisted of traction and medication for pain and muscle relaxants. On May 9th Dr. Tischler referred plaintiff to Dr. Beurlot for examination and discharged plaintiff from the hospital May 13th. He estimated that plaintiff should recover in four to eight weeks. Plaintiff never returned to Dr. Tischler for examination or treatment.
Dr. Beurlot examined plaintiff on May 9th as a referral from Dr. Tischler, and on July 31st on referral from counsel for defendant. Dr. Beurlot confirmed Dr. Tisch-ler’s diagnosis and prognosis of a six to eight week recovery on the May 9th examination. All x-rays taken by Dr. Tischler and Dr. Beurlot were negative. Although Dr. Beurlot found mild symptoms of disability during the July 31st examination, plaintiff failed to inform him that he had been involved in an automobile accident on July 1st, 1968 when he rear-ended another vehicle, and again on July 23rd, 1968 when he was rear-ended by another vehicle. In this connection, it must be noted that plaintiff denied any other accidents when he gave his discovery deposition on July 31st, 1968. He explains this by stating that both accidents were minor. However, the accident which is the subject of this dispute was also a minor accident.
When plaintiff discontinued visiting Dr. Tischler, he consulted Dr. Francis M. Brian, seeing him first on May IS, 1968. Dr. Brian hospitalized plaintiff at Baptist Hospital on that date and released him on May 17th. Plaintiff was first complaining bitterly of pain and had “some spasm” of the muscles in the cervical and lumbosacral area. After discharge from the hospital plaintiff was seen on several other occasions, but although plaintiff complained of pain, Dr. Brian did not note any muscle spasm. Plaintiff did not inform Dr. Brian about the two automobile accidents in July of 1968, even though plaintiff was seeing Dr. Brian during this period of time.
*134 We are of the opinion that plaintiff failed to prove that the accident of May 2nd caused him disability beyond July 1st, 1968.
Plaintiff has proved special damages of $1,156.71, including damage to his vehicle, hospital and Doctor bills and loss of wages for a period of five weeks. For pain, suffering and disability, plaintiff is entitled to an additional award of $1,500.-00.
For these reasons, it is hereby ordered, adjudged and decreed that there be judgment in favor of Davis Littleton, and against Arrow Foods Distributors, Inc., and Phoenix Insurance Company of Hartford in the sum of Twenty-six hundred fifty-six and 71/100 ($2,656.71) Dollars, together with interest at the rate of 5% per annum from date of judicial demand until paid, and all costs of court in both the trial and appellate courts.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.