346 So.2d 306 (1977)
Elliot DAVIS, Jr.
v.
Michael LOGARBO, Velma Gant and Volkswagen Insurance Company.
No. 8071.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
*307 Birdsall, Alvarez & Rodriguez, Michael I. Rodriguez, New Orleans, for plaintiff-appellant.
Wayne W. Foley, New Orleans, for Michael Logarbo, defendant-appellee.
Alexander C. Cooke, Jr., New Orleans, for Volkswagen Ins. Co., defendant-appellee.
Before LEMMON, STOULIG and BEER, JJ.
STOULIG, Judge.
Plaintiff, Elliot Davis, Jr., has appealed a judgment dismissing his personal injury suit against defendants Velma Gant, driver of an automobile that struck his vehicle in the rear; Michael Logarbo, owner of the car that rear-ended his automobile; and Volkswagen Insurance Company, plaintiff's uninsured motorist carrier. Third party claims were filed by various defendants; however, the judgment dismissing them all is final because no appeals were taken from their dismissal.
The record reflects this accident occurred on February 25, 1974 at the intersection of King and Railroad Avenues in Lutcher, Louisiana. Plaintiff, while stopped in his Volkswagen on King Avenue in response to a stop sign, was hit in the rear by an Oldsmobile driven by Velma Gant. The impact propelled the small car across the intersection and partially up the approach ramp of a railroad crossing just beyond Railroad Avenue. Mrs. Gant saw the stopped car as she approached the intersection, but when she attempted to apply her brakes "three or four houses" from the corner, the brake pedal went to the floor. Moving at a rate of 15 miles per hour and being upset by the brake failure, Mrs. Gant testified she forgot about the emergency brake and did not attempt to use it. She had no advance warning of any problem. In fact she had been driving this car for some time prior to the accident that same day. Mrs. Michael Logarbo, manager of the short order restaurant where Velma Gant was employed as a cook, told the defendant driver to take the car and bring back a certain brand of pizza for the Logarbo children's supper. Because she could not find the brand specified at the first store, *308 she had gone to three or four other stores before the accident occurred. Obviously she had had to apply the brakes on numerous occasions in covering this territory. Neither Velma Gant nor Michael Logarbo carries insurance.
There is no question that plaintiff was free from any negligent act that caused or contributed to this accident. Therefore, we reverse that aspect of the judgment from which the appeal was taken.
Though afforded a reasonable opportunity to effectively do so, defendant Velma Gant was negligent in failing to attempt to stop her moving vehicle by using her emergency brake once it was apparent the other braking system had failed. Littleton v. Arrow Food Distributor, Inc., 224 So.2d 131 (La.App. 3rd Cir. 1969).[1]
Defendant owner is liable because his wife instructed Velma Gant to perform an errand for the Logarbo community shopping for the children and furnished her a defective automobile to accomplish this purpose.
The defense of mechanical failure is recognized in Louisiana, but he who wishes to avail himself of it carries the burden of proving by expert evidence that the vehicle was reasonably maintained prior to the accident and that the defect could not have been discovered beforehand by reasonable inspection.[2] See Metzger v. Scott, 244 So.2d 671 (La.App. 4th Cir. 1971); Delahoussaye v. State Farm Mutual Auto. Ins. Co., 202 So.2d 287 (La.App. 4th Cir. 1967); Breaux v. Valin, 138 So.2d 405 (La. App. 3rd Cir. 1962); Trascber v. Eagle Indemnity Co. of New York, 48 So.2d 695 (La.App. Orl. 1950). The only evidence defendants offered in this case other than the testimony of the driver was the statement of the investigating police officer that the brake pedal went to the floor when he tested it during the accident investigation. This is not sufficient to sustain the defense of latent defect.
The liability of the insurer under its uninsured motorist coverage issued to plaintiff is established by the uncontradicted evidence that the negligent defendants are uninsured.
We next consider quantum. As a result of this collision that caused more than $900 in damage to plaintiff's vehicle, Davis suffered a mild to moderate cervical strain for which he required treatment for approximately two and one-half months after the accident. Dr. Carl Poche testified he saw plaintiff on 16 separate occasions which included several physical therapy sessions. His medical history reflects plaintiff lost three days' work and on May 1, 1974 he was asymptomatic. We award $2,500 general damages, $114 medical expenses, $120 for stipulated lost wages, and $100 expert fees.
For the reasons assigned the judgment appealed from is reversed only insofar as it dismisses the main demand and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Elliot Davis, Jr., and against defendants Velma Gant, Michael Logarbo and Volkswagen Insurance Company in solido in the sum of $2,734 with legal interest from the date of judicial demand, plus expert fees of $100 and all costs.
REVERSED IN PART AND RENDERED.
NOTES
[1] "* * * [T]he failure of a motorist to use his emergency brake constitutes negligence and a cause of the accident, if there is a reasonable opportunity to do so effectively after the ordinary foot brakes fail. * * *" 224 So.2d at 132.
[2] "Applicable here is the rule that in order for latent defects to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defects, and it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection. * * *" 224 So.2d at 132.