360 So.2d 268 (1978)
SENTRY INSURANCE COMPANY and Ruth Mattes and/or Ethel Adams
v.
Steven G. THOMAS.
No. 9300.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
*269 Dan R. Dorsey, River Ridge, counsel for Sentry Ins. Co., et als., plaintiffs-appellants.
Daniel S. Foley, New Orleans, counsel for Steven G. Thomas, defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
Plaintiffs, an automobile driver, a guest passenger, and their insurer, appeal from a judgment dismissing their suit for personal injuries and damages on the basis that the defendant driver was not negligent.
This case arose from a rear-end automobile collision on River Road (La. 611-1) near its intersection with Coolidge Street in the Parish of Jefferson. Plaintiff Ruth Mattes had stopped her vehicle in response to the red traffic control signal behind four or five other automobiles, when her vehicle was struck from the rear without warning by a car driven by Steven G. Thomas proceeding in the same direction. Thomas sought to excuse himself from liability on the ground that his brakes failed without warning and he could not avoid the collision. The damages are stipulated.
Louisiana courts have recognized a jurisprudential rule that in order for latent defects to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of accident except that it resulted solely from the alleged defects, and that it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection. See Metzger v. Scott, 224 So.2d 671 (La. App. 4th Cir. 1971); Davis v. Logarbo, 346 So.2d 306 (La.App. 4th Cir. 1977). The defendant in this case has not borne the heavy burden thus imposed upon him, and we conclude the trial judge erred by not imposing this heavy burden under the facts herein.
The defendant driver testified that he was going approximately 30 to 35 miles per hour when he first saw the vehicles stopped at the red light, at a distance of 100 *270 feet. When 75 to 80 feet away he took his foot from the accelerator and pressed his brake pedal completely to the floor board without effect. He then began pumping his brakes and looking to the right and left to see if he could avoid collision, and slowed down to approximately 20 miles per hour before he collided straight into the back of the plaintiff vehicle. He testified that he did not think of using his emergency brakes until he was just prior to collision point. He could not turn left in the other lane because of approaching vehicles and could not turn right because there were fences and houses to the right. The trial court found that the defendant's choice of action was not unreasonable in that the accident was unavoidable. Additionally, the court concluded that a picture of the scene did not reveal a fence but did reveal a hedgerow fairly close to the paved portion of the highway on defendant's right, and since it could not be determined whether there were other obstructions, accorded defendant's testimony full weight. Ordinarily, in a case where a driver is confronted with an emergency not of his own making, we would agree with the conclusions of the trial court. But the defendant in this case has the very heavy burden imposed upon him of exculpating himself from his own situation under the rule referred to above, and these conclusions are unwarranted under that rule of law.
In a number of cases we have announced that the failure of a motorist to use his emergency brake constitutes negligence and cause of the accident, if there is a reasonable opportunity to do so effectively after the ordinary foot brakes fail. Metzger v. Scott, supra; Davis v. Logarbo, supra; Sers v. South Central Bell Telephone Company, 304 So.2d 760 (La.App. 3rd Cir. 1974). Additionally we point out that there appears to be sufficient room for the defendant driver to have avoided collision by swerving towards the hedgerow, and that any doubt that the trial judge had as to whether the way was clear should have been resolved against the defendant, not in his favor. See for example Simon v. Ford Motor Company, 282 So.2d 126 (La.1973). We also note, consistent with that case, that the defective parts involved here, and indeed the entire car, were disposed of by the defendant and not available for any examination of plaintiff.
Although we have decided this matter on the facts with the application of the existing jurisprudential rule, we believe that a case such as this should properly be decided under the provisions of Louisiana Civil Code, Article 2317:
"Art. 2317 Acts of others and of things in custody.
Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
We recognize that our courts have struggled with this problem in the cited cases, as well as many others mentioned therein. In the recent case of Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978), in discussing the relative duty of automobile drivers and pedestrians, the Supreme Court stated at page 405:
"That is, the operator of a dangerous instrumentality, such as a motor vehicle, creates a great risk of injury to the life and limb of others. Thus he owes a duty to the public to protect it from that danger."
We perceive no difference between the defect in the braking system of this automobile and the internal disease defect in the fallen tree in the case of Loescher v. Parr, 324 So.2d 441 (La.1975). However, we do not discuss this matter because of our factual resolution of the case stated above.
For the reasons assigned, the judgment appealed from is set aside and reversed, and there is now judgment in favor of Sentry Insurance Company against Steven G. Thomas in the sum of $5,392.99, and judgment in favor of Ruth Mattes in the sum of $100.00 against Steven G. Thomas, together with legal interest on both sums from date *271 of judicial demand until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.