371 So.2d 1254 (1979)
Rita Baltruks KASPERSKI et al., Plaintiffs-Appellees,
v.
PATTERSON SERVICES, INC. et al., Defendants-Appellants.
No. 6971.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Writ Refused July 2, 1979.
*1255 Allen, Gooch & Bourgeois, Arthur I. Robison, Lafayette, for defendants-appellants.
Robert S. Cooper, Jr., Baton Rouge, Sue Fontenot, Abbeville, for plaintiff-appellee.
Harmon F. Roy, Lafayette, for third-party, defendant-appellee.
Before FORET, CUTRER and SWIFT, JJ.
FORET, Judge.
This is a suit for wrongful death brought by Rita Baltruks Kasperski, the widow of the decedent, Franciszek Kasperski, individually and on behalf of her minor daughter, Elizabeth Kasperski, and by the decedent's four major children, Robert, Henry, Stanislaus and Helen Kasperski. The only issue presented on appeal is whether the trial court erred in concluding that the record did not support defendants' assertion that this accident was caused solely by the fault of a third party and not through any negligence or fault of the defendants.
On the morning of June 7, 1977, the decedent was driving a 1974 pickup truck in a westerly direction on Louisiana State Highway 338 northeast of Abbeville, Louisiana. Proceeding in the opposite direction was a 1975 tractor-trailer rig driven by defendant, Ronald P. Romero, and owned by defendant, Patterson Services, Inc. Located on the bed of the trailer was a large piece of equipment known as a "spacer spool" weighing approximately 10,000 pounds and secured by two chains wrapped over the front and rear of this device. As these two vehicles were passing each other in a curve on the highway, the spool became dislodged from the trailer and struck the Kasperski vehicle, mashing the pickup truck and resulting in the instant death of the decedent.
Plaintiffs thereafter filed this action to recover for the decedent's wrongful death based upon the negligence of the defendants in loading, binding and securing the spool and under theories of strict liability provided by Louisiana law. Defendants denied any negligence on their part and asserted that the accident was solely the fault of a third party in producing a defective chain and that this defect was in no manner attributable to the defendant.
The trial court concluded that the accident and resulting death occurred because *1256 of one of two reasons ". . . first, defects in the chain, or secondly, an improper binding of the load." (Tr. 400-01) The court applied LSA-C.C. Art. 2317[1] to affix strict liability to the defendants for the damage caused by the defective item (the chain) within the custody and control of the defendants. The court found that the defendants failed to sustain their burden of proof to absolve them of liability in this instance. From this judgment, defendants now appeal.
In the leading case of Loescher v. Parr, 324 So.2d 441 (La.1975), Justice Tate, writing for the Louisiana Supreme Court, held that Art. 2317 provides for strict liability resulting from any damage caused by the defect existing in a thing under the custody of any individual. Justice Tate summarized the applicable principles of legal fault as follows:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
"The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others." Id. at 446.
The court then specified the requirements for recovery and the defenses available under Article 2317:
"This jurisprudence recognizes that the injured person must prove the vice (i.e., unreasonable risk of injury to another) in the person or thing whose act causes the damage, and that the damage resulted from this vice. Once this is proved, the owner or guardian responsible for the person or thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force." Id. at 446-447. (Emphasis applied)
Thus, under this decision, delictual responsibility does not necessarily depend upon the commission of negligent acts, but upon fault, and the owner or custodian of an instrumentality which causes unreasonable risk of injury to others is at fault.[2]
*1257 As evident from Loescher, the liability afforded by Article 2317 can only be avoided where it is established that the damage was caused by (1) the fault of the victim; (2) the fault of some third person; or (3) some irresistible force.[3] Since the Loescher decision, the most often raised defense to the application of Article 2317 is that the fault of a third party was the cause of the accident. This trend is exemplified by the case of Panek v. Gulf Insurance Co., 341 So.2d 46 (La.App. 3rd Cir. 1976), wherein the court found that the cause of an accident in which a wheel on a truck had become dislodged, thus striking another vehicle, was due to the prior owner's failure to properly tighten the bolts located on the wheel. Because the damage resulted from the fault of a third person, and not merely a defect in the wheel, the owner of the truck was not liable under Article 2317.
Initially, the jurisprudence held that in order to be relieved of liability under this defense, the defendant had to prove that the accident was caused solely by the fault of a third person. Tiger Well Service v. Kimball Production Co., 343 So.2d 1153 (La. App. 3rd Cir. 1977). However, the First Circuit has recently relaxed this standard to require that the fault of the third party be merely a substantial factor of the accident, not necessarily the sole cause. American Road Insurance Co. v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1977), writ denied, 356 So.2d 430 (La.1978).[4] Proof of less than substantial causation would not invoke the application of this defense.
The defendants in this action seek to exculpate themselves from liability under Article 2317 by alleging that the sole cause of this accident was due to the existence of a defect in the chain encasing the spool and thus the fault of the third person. This defense does not seek to establish the fault of a third party through his actions or failure to act, but rather seeks to impute his fault by the mere existence of a latent defect in the chain.
In order for a latent defect to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defect. Sentry Insurance Co. v. Thomas, 360 So.2d 268 (La.App. 4th Cir. 1978). Thus, the defendants must establish by convincing evidence that the accident resulted from the defect itself and not from any activity for which the defendants are responsible. A review of the record in this case indicates that the defendants have failed to meet this burden of proof.
Although the trial court found that a defect in the chain did exist, it was also the court's opinion that the accident was in part due to the improper binding of the spool on the truck bed. (Tr. 400) Thomas M. Grubbs, qualified as an expert in mechanical engineering, testified that this accident was caused when the rear chain fastening the spool became loose, allowing the load to shift on the truck. (Tr. 501) This movement produced an overload on the front chain, increasing the stress imposed on the faulty link causing it to give way. (Tr. 503-504) Mr. Grubbs' testimony indicated that the accident could have easily been prevented by fastening a third chain about the load or by utilizing chocks or sidebars on the truck bed. (Tr. 512)
The driver, Mr. Romero, stated that he had secured the spool after loading. (Tr. 437) Although there were other chains available, Mr. Romero only used two chains to bind the spool on the truck. (Tr. 441, 443) In the rear, the defendant wrapped the chain around the spool twice, however, only *1258 one loop bound the front of the spool. (Tr. 442, 443) Mr. Romero offered no explanation as to why the front of the spool was not bound as securely as the rear, other than to note that the front chain was "too short" to be doubled around the load. (Tr. 443) Clearly, had Mr. Romero chosen to take the precaution, a second chain could have been applied to secure the front terminal of the spool. Nevertheless, the defendant proceeded to leave the yard but stated that after a short time on the highway, he stopped to check to see if the chains remained tight. (Tr. 643) Mr. Romero indicated that he knew there was a risk that these chains would become loose and in fact noted that one of the chains on the truck did become loose. (Tr. 635, 643)
This Court concludes that the record amply supports the trial judge's determination that one cause of this accident was the failure of the defendants to insure that the load on the truck was properly secured. In fact, according to Mr. Grubbs' testimony, this was the principal cause of the accident because the movement of the spool began when the rear chain became loose. Defendants did not contend that any defect existed in this chain, and therefore, the inference is that the negligence of the defendants in part contributed to the occurrence of this accident.
Not only could the expert witnesses called by both plaintiff and defendants not testify as to the manufacturer of the whole chain, some witnesses stated that there was post-manufacturing fabrication work done on the chain so as to substantially modify its original performance characteristics. Neither was it proved that this chain was manufactured for this particular use (as was the tandem wheel assembly in Panek, supra, or the derrick in Tiger Well Service, supra).
There is sufficient evidence in the record to conclude that the negligence of the defendants in securing the load was at least partly and probably mostly to blame for this accident. While there may have been some defect in the chain, this in itself does not absolve the defendants from liability for their negligent conduct. Anding v. Southwestern Insurance Company, 358 So.2d 690 (La.App. 3 Cir. 1978).
In this Court's opinion, however, it is not necessary to reach a finding of negligence on behalf of the defendant. The case is exactly that type which affords the application of the principle discussed in Loescher v. Parr, supra. The defendants herein were engaged in the process of transporting an extremely large and heavy piece of machinery. Clearly, they had a responsibility to undertake every precaution to insure that this spool would remain securely fastened to the truck bed during transportation. In securing this spool, they utilized a chain which proved to be defective. The existence of this defect created an unreasonable risk of injury and was partially responsible for the damage which occurred. As the defendants could not show that the fault of a third party in producing the defect was substantially the cause of this accident, the defendants are held to be liable for the damages caused by this defect under Article 2317. This Court can find no manifest error by the trial court in awarding recovery to plaintiffs under this analysis.
For the above and foregoing reasons, the action of the trial court is maintained, and all costs of this appeal are assessed against the defendants-appellees.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 2317 provides:

"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
Those code articles appearing immediately after Art. 2317 provide for modification of the general rule dealing with minor children, insane persons, acts of servants, damage caused by animals and damage caused by the ruin of buildings. See: LSA-C.C. Arts. 2318-2322.
[2] Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). In this case, the Supreme Court denied recovery for damages flowing from an automobile accident under Article 2317, noting that the defendant had established that the cause of the accident was the negligence of a third party driving the vehicle. There was some contention raised as to the possibility that a brake failure was responsible for the accident, however, the court found that this was not established. Justice Dennis, in a concurring opinion, noted that had the injury been caused by some mechanical failure, then Article 2317 would have applied to hold the owner of the vehicle liable even though it was operated by a third person at the time of the accident.

Other cases which have applied the strict liability afforded by Article 2317 since the Loescher decision include: Woodward v. First of Georgia Ins. Co., 333 So.2d 709 (La.App. 2nd Cir. 1976), writ denied, 338 So.2d 295 (La. 1976); Wolverton v. City Stores Co., 363 So.2d 1321 (La.App. 4th Cir. 1978).
[3] Loescher v. Parr, supra.
[4] In the recent Third Circuit case of Anding v. Southwestern Insurance Co., 358 So.2d 690 (La.App. 3rd Cir. 1978), Judge Watson noted that American Road Insurance Co. had precluded recovery where "any third party fault bars liability." Id. at 697. The court then expressed a doubt as to the propriety of the First Circuit's holding; however, these comments were addressed to the question of liability towards a public body under Art. 2317 and not to the issue of proof that the third party fault must have been a substantial cause of the damage to operate as a defense under this article.