LABORDE, Judge.
Appellants E.B. Feueht & Sons, Calvin Thomas, and Liberty Mutual Insurance, Inc., appeal the trial court’s judgment granting appellees Ace Transportation, Justin Richard and Marcus Boudreaux’s motion for summary judgment. Finding a genuine issue of material facts exists on the question of negligence of defendants, we reverse and remand.
FACTS
On March 16, 1989, Steven Keith Smith on behalf of Onshore & Marine, Inc. purchased two used living quarters (aluminum bunkhouses) from Big Chief Drilling Co. The living quarters were located at Comet Drilling Company yard near Eunice, Louisiana on Louisiana Highway Thirteen. The bunkhouses were similar to trailer houses except they were smaller and built on oilfield skids. One of the terms of the sale was the purchaser was to pick up the buildings where they were and in their existing condition. Onshore & Marine entered into a contract with Ace Transportation to pick up the living quarters at Comet’s yard and bring them to Onshore’s yard near Broussard, Louisiana. To perform this job, Ace Transportation utilized a truck and trailer which it had leased from Marcus Boudreaux.
Justin Richard of Ace Transportation went on March 18, 1989 to the Comet yard to load one of the living quarters on his nine foot wide trailer after having obtained a wide load permit from the Louisiana Department of Public Safety. The living quarters were twelve feet wide and created a foot and a half overhang on each side of the trailer. Mr. Richard inspected the structure and then with the help of Comet personnel, loaded the structure onto the trailer.
Three miles from the Comet yard an exterior aluminum panel on the rear wall of the structure closest to the middle of the road fell off while Mr. Richard was traveling south on Highway 13 in Acadia Parish, creating a twelve foot hole. Portions of the flying wall struck the windshield of the oncoming northbound Mack truck being driven by plaintiff, Calvin Thomas, and owned by E.B. Feueht & Sons, Inc. Prior to the portion of the wall striking Mr. Thomas’s vehicle, Mr. Thomas noticed, as he approached the trailer, that a portion of the wall had become detached from the structure and was blowing in the wind. Mr. Thomas slowed down and then proceeded toward the trailer when he was struck. The investigating state policeman escorted Mr. Richard and his load back to the Comet yard after the accident.
Mr. Thomas filed a petition on November 8, 1989, naming as defendants, the driver, Mr. Richard, the owner of the truck and trailer, Mr. Marcus Boudreaux, Mr. Bou-dreaux’s automobile liability insurer, United States Fire Insurance Company, and Mr. Thomas’ employer’s automobile and liability insurer, State Farm Automobile Insurance Company. Liberty Mutual Insurance Company filed an intervention in the suit, seeking to recover worker’s compensation benefits paid to Mr. Thomas. Subsequently, amended pleadings were filed adding as defendants, Ace Transportation, Inc., Onshore Marine, Inc. and Big Chief Drilling Company. Mr. Thomas’ personal injury claim and Feucht’s property damage claim were consolidated at the lower court level. Plaintiffs alleged that defendants were liable, due both to the negligence of Justin Richard in transporting the building, and in strict liability, alleging that *964 appellees were custodians of the building as contemplated by La.C.C. art. 2817.
SUMMARY JUDGMENT
Marcus Boudreaux, Ace Transportation, Inc., and U.S. Fire Insurance Company filed a motion for summary judgment, alleging they were not the owners of the bunk house, but had only taken possession of the bunk house for the purpose of transporting the structure from one point to another. They argued they did not have garde of the structure and could not be held liable under La. C.C. art. 2317 and that there were no genuine issues of material fact insofar as any alleged negligence on the part of Mr. Richard was concerned and thus, they could have no liability.
The trial court, on August 17, 1992, granted the summary judgment and dismissed all claims of Mr. Thomas, E.B. Feucht & Sons, Inc. and Liberty Mutual against Marcus Bou-dreaux, Ace Transportation, Inc. and U.S. Fire Insurance Company. The trial court found the defendant movers did not have garde of the bunk house and that evidence submitted in opposition to the motion for summary judgment did not reveal any facts at issue relevant to the alleged acts of negligence on the part of the defendant movers.
Mr. Thomas, E.B. Feucht & Sons, Inc. and Liberty Mutual Insurance Company appeal alleging the trial court erred in granting the motion for summary judgment.
LSA-C.C.P. art. 966 provides:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
D. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, and answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is summary judgment warranted. Thornhill, supra. The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. In evaluating the proof presented, the court must closely scrutinize the papers supporting the mover’s position and indulgently treat those filed in opposition; any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). There being no question as to ownership of the bunk houses or the equipment used to transport them, we turn now to the substantive questions of law raised in this proceeding.
GARDE OF THE STRUCTURE
Appellants maintain the appellees had joint custody or “garde” of the bunk house *965 with the owner of the bunk house and are strictly liable under La.C.C. art. 2317 which provides:
Art. 2317. Acts of others and of things in custody
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
Appellants cite the case of King v. Louviere, 524 So.2d 65 (La.App. 3d Cir.1988), affirmed in part, reversed in part, 543 So.2d 1327 (La.1989) to support their position that both the owner of the house, Onshore & Marine, Inc. and its transporters, Mr. Richard and Ace Transportation, are strictly liable for the damages caused by the defect in the house. Citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), in King, supra, we held that both the nonowner-driver and the owner of a vehicle which experiences sudden, unexpected brake failure are custodians; therefore, both were strictly liable for the resulting damages. Although the Supreme Court ultimately affirmed our conclusions as to the liability of the driver (because she crossed the center line at the time of the accident and failed to rebut the presumption of negligence), it reversed our finding on the issue of 2317 strict liability. The Supreme Court found the driver did not have garde of the vehicle because she was granted only a limited authority to drive the vehicle to perform a brief mission for her employer.
As further support of their position, appellants cite the case of Kasperski v. Patterson, 371 So.2d 1254 (La.App. 3d Cir.1979), writ denied, 373 So.2d 530 (La.1979). In Kasper-ski, defendants were transporting a heavy piece of machinery when it became dislodged and crushed decedent’s approaching vehicle. The Third Circuit followed Loescher v. Parr, 324 So.2d 441 (La.1975), which held that Article 2317 provides for strict liability for damages caused by defects in a thing under the custody of an individual. We found the transporter had custody of the machinery and was thus strictly liable for the damages it caused. The transporters used a defective chain to secure the machinery and the chain broke during transport. In the instant ease, the portion of the wall that flew off did not do so because a fastener was defective; the house itself was defective.
We find the reasoning of Ross v. La Coste de Monterville, 502 So.2d 1026 (La.1987), to be dispositive of this issue. In La Coste, supra at 1029, the Louisiana Supreme Court held that “An owner who transfers to another possession of his thing containing a structural defect continues to have the garde or custody of its structure and a duty to protect others from harm caused by the defect.” In the instant case, Onshore & Marine were the owners of the defective bunk house. Appel-lees only had temporary possession of the bunk house and therefore did not have garde of the bunkhouse. Thus, appellees are not strictly liable under La.C.C. art. 2317 according to La Coste, supra.
NEGLIGENCE
Appellants further assert the trial court erred in granting summary judgment because there are genuine issues of material fact as to the negligence of Justin Richard.
Mr. Richard testified in his deposition that upon arrival at the Comet yard in Eunice, he inspected the bunk house and made sure the doors were locked before loading it onto the trailer and fastening four chains on the iron skids. He did not see anything to lead him to believe the wall of one of the houses would blow off or any other factor that would make it'unsafe for transport.
Mr. Smith, purchaser of the buildings, also testified that his inspection of the houses before they were transported yielded no concern for the safety of the cargo. In his deposition he stated that the buildings did not have straps that would go over the roof of the type used for trailer houses, because they were structurally dissimilar skid houses. The skids to him indicated the houses were built to be moved around. He further testified that the method Mr. Richard employed to secure and transport the houses was the method used in the oilfield business. While the inside of the bunk house would need to be renovated, the outside of the houses appeared to be in “pretty good” condition.
*966 Appellants nonetheless maintain Mr. Richard was negligent under the provisions of La.R.S. 32:383 which provides:
§ 383. Loads on vehicles; care required thereto; definitions
A. The load on a vehicle shall not drop, sift, leak, or otherwise escape therefrom, except that sand may be dropped on a highway to secure traction or a liquid substance may be dropped on a highway to clean or maintain such highway.
B. (1) The load on any vehicle shall be securely fastened so as to prevent the covering or load from becoming loose, detached, or in any manner a hazard to other users of the highway.
(2) Freight containers, as defined in 49 CFR 171.8, used in both the waterborne transport of cargo and in the overland transport of cargo shall be properly secured so as to prevent the container from becoming loose, detached, or in any manner a hazard to other users of the highway.
(3) Any violation of Paragraph (2) of this Subsection shall be punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months, or both.
(4) The penalty provisions of R.S. 32:383(B)(3) shall not apply when the freight container was properly secured and subsequently became loose or detached as the result of an accident or circumstances beyond the control of the operator of the vehicle.
Appellants contend that it was the legal obligation of Ace Transportation, Inc. and its employee, Mr. Richard, to securely fasten the house and keep a vigilant watch to prevent it from becoming detached under La.R.S. 32:383. In essence, they argue that the oncoming Thomas’ ability to see the flapping wall ipso facto creates an issue of material fact. We agree. Even assuming ar-guendo there is no evidence that Mr. Richard was speeding or negligent in the manner in which he secured the houses to transport, the first two paragraphs of LSA-R.S. 32:383 prohibiting the escape, detachment, or becoming in any way a hazard to other users of the highway clearly imposes upon drivers of heavy loads an obligation that does not vanish upon a vehicle’s emergence from the lot; to the contrary, LSA-R.S. 32:383 is directly concerned with hazards on public highways.
Contrary to their arguments, defendants can find no refuge in LSA-R.S. 32:383(B)(4), which protects drivers hauling intermodal containers used to transport cargo from the criminal penalties of 383(B)(3) only, provided they show that the container was properly secured yet became loose or detached as a result of circumstances beyond their control. First, the provision grants civil immunity to no haulers of cargo of any type. Second, to the limited extent that the provision affords relief of any type, it only serves defendants hauling containers used to transport cargo; obviously, the container involved here was not of the durable design which gives rise to LSA-R.S. 32:383(B)(4)’s legal recognition of the practical reality that such intermodal containers would become loose or detached in their entirety. Had the legislature chosen to offer such a harbor to movers of all cargo, or of all containers, or for civil immunity, it could easily have addressed its legislation so broadly.
Our review of the record and allegations makes it apparent that Richard and perhaps others may have violated the duty of care imposed upon them by LSA-R.S. 32:383, that the violation of this duty was actionable negligence and a legal cause of the accident. See Thompson v. Colony Ins. Co., 520 So.2d 1158, 1160 (La.App. 3d Cir.1987). All inferences to be drawn from subsidiary facts must be viewed in a light most favorable to the parties opposing the motion, in this case plaintiffs. Burke v. Occidental Life Ins. Co. of Cal., 427 So.2d 1165, 1168 (La.1983); Mashburn v. Collin, 355 So.2d 879, 890 (La.1977); Durrosseau v. Century 21 Flavin Realty, 594 So.2d 1036 (La.App. 3d Cir.1992). Taken in this vein, the facts as established do not negate the possibility of negligence on the part of defendants, cf. Green v. Southern Bell Telephone & Telegraph Co., 204 So.2d 648, 651 (La.App. 3d Cir.1967), writs refused, 251 La. 859, 206 So.2d 711 (1968).
An issue of material fact remains as to the negligence of defendants in fading to keep a *967 watchful eye on their oversized load once the rig left the Comet Drilling Yard. The evidence shows that the low boy trailer carrying the housing was not wide enough to prevent its load from extending over its sides. The dangers of carrying an oversized load are obvious, particularly to those like Mr. Richard who are experienced in moving them. Highlands Insurance Co. v. L.J. Denny and Son, 328 So.2d 779, 784 (La.App. 3d Cir.), writ refused, 333 So.2d 237 (La.1976). The portable building became unhinged on the driver’s side. At trial, it could well be shown that Richard contributed to the accident either by looking into his rearview or side mirror and doing nothing or by neglecting to adequately survey the situation through his mirrors.
DECREE
For the foregoing reasons, the summary judgment is reversed. Costs of this appeal are assessed against appellees, with assessment of other costs to await the outcome of the respective proceedings.
REVERSED AND REMANDED.