jjWILLIAM A. CULPEPPER, Judge Pro Tem.
Ray and Betty Slaton filed this wrongful death and survival action against several de *583 fendants, including Stanley and Dorothy Chapman and their insurer, State Farm Mutual Automobile Insurance Company. The Slaton’s daughter, Kimberly Rochelle Slaton, was killed on August 11, 1991, when a truck driven by Troy Quentin Stein struck her as she and a companion walked on or along Louisiana Highway 82. Stein was under the influence of alcoholic beverages at the time. Kimberly Slaton (15 years old) had attended |2the Cajun Riviera Festival in Holly Beach with her friend, Stephanie Chapman, and Stephanie’s mother, Dorothy Chapman. At the time of the accident, Kimberly may have been returning to the Chapman vehicle which was apparently parked either partially on the travelled portion and partially on the shoulder or on the shoulder of Louisiana Highway 82.
In their petition, the Slatons alleged that Dorothy Chapman was at fault for (1) illegally parking the family vehicle in a curve on Highway 82 in a dangerous and careless manner and (2) escorting a minor child to the Cajun Riviera Festival which she knew or should have known would be frequented by drunk drivers and folks drinking excessive amounts of alcoholic beverages. (The Sla-tons apparently argued that Dorothy Chapman was also negligent in her supervision of Kimberly.) The Chapmans filed a motion for summary judgment. The trial court granted the motion, finding that the “failure to tell a child in these circumstances to return at a certain time or the parking of the car earlier in the day would not cover the risk that the' child would be struck in an automobile-pedestrian accident only remotely connected to the alleged acts of negligence.” The Slatons appeal this judgment.
OPINION
The Slatons assert that Mrs. Chapman negligently increased Kimberly’s peril by parking on the main highway when safe, free parking was available. They argue that a reasonable trier of fact could easily conclude that Kimberly was on her way back to the Chapman vehicle at the time of the accident, and that the duty not to illegally park on a busy highway seeks to protect, inter alia, against the risk that a passenger in the vehicle will be struck by a ear while attempting to return to the vehicle.
IsAlso, although the Slatons alleged in their petition that Mrs. Chapman was at fault in escorting a minor child to the festival, on appeal they limit their argument to negligent supervision. The Slatons also contend that Dorothy Chapman negligently increased Kimberly’s peril by failing to determine the child’s whereabouts when the festival was over and by allowing the child to leave her care for an unknown destination, when it was reasonably foreseeable that the child might attempt to return to the vehicle parked in a dangerous location. The Slatons maintain that the failure to supervise the child at a festival where alcohol is literally “flowing like water” could foreseeably result in injury to that child by an individual who had been drinking.
This case is before us on appeal from a summary judgment. It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Thomas v. Richard, 624 So.2d 962 (La.App. 3d Cir.1993). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Thornhill, supra; Thomas, supra.
In Roberts v. Benoit, 605 So.2d 1032, 1055 (La.1991) our Louisiana Supreme Court noted the highly fact-intensive nature of the duty-risk analysis:
|4“In Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972), another traffic accident case, we found foreseeability to be a more appropriate test when only a single actor is involved. Id. at 719 n. 1. Specifically, we held the defendant’s duty to move his trailer entirely off the road when stopping did not encompass the risk that a completely inattentive driver would rear-end the trailer, despite the lack of *584 traffic and ample room to pass. Id. Cf. Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1970), on rehearing, in which the duty to move the vehicle from the road was held to be a legal cause of the accident. Laird and Pierre, supra, taken together, evidence the highly fact-intensive nature of the duty-risk analysis. While factually Laird bears a strong resemblance to Pierre and Dixie [Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962)], the variations lead to an entirely different outcome.” (Footnote omitted.)
In the case at hand, there are several unresolved genuine issues of material fact. For instance, was the Chapman vehicle parked partially on the travelled portion or totally on the shoulder of the highway at the time of the accident? Was Kimberly returning to the vehicle at the time of the accident? How close was Kimberly to the Chapman vehicle at the time of the accident? Was Kimberly walking on the main travelled portion or on the shoulder of the highway at the time of the accident? Was the Chapman vehicle parked on the opposite side of the highway or the same side of the highway as Stein’s lane of travel? Did the Chapman vehicle obstruct Stein’s vision or lane of travel or the flow of traffic, prevent him from avoiding or maneuvering around Kimberly, or otherwise cause him to strike Kimberly?
IrLSA-R.S. 32:141(A) prohibits stopping, parking, or leaving standing any vehicle upon the paved or main travelled part of any highway outside of a business or residence district when it is practicable to stop, park or leave the vehicle off the paved or main trav-elled part of the highway. LSA-R.S. 32:296 prohibits stopping, parking or leaving standing any unattended vehicle on any state highway shoulder when doing so obstructs the flow of traffic or is a hazard to public safety (with exceptions).
It is clear that a criminal violation will lead to civil responsibility only if that act is the legal cause of damage to another. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (La.1972).
In Laird, our Louisiana Supreme Court explained that LSA-R.S. 32:141(A) is a highway safety measure designed to keep open the traffic arteries. The court noted that it has been held as a matter of court policy that the statute is designed to protect against the risk that a driver, whether cautious or inattentive, would collide with a stationary vehicle.
The court in Guillory v. Travelers Insurance Co., 293 So.2d 252, 257 (La.App. 1st Cir.1974) held that LSA-R.S. 32:141 intends to protect not only other motorists and the occupants of other vehicles using the highways, but also to make our highways, including their shoulders and roadbeds, safe for all users, motorists and pedestrians alike.
Guillory involved a wrongful death action for the death of Joe Brooks, who was hit by a vehicle as he walked along Highway 43. In Guillory, a police officer had parked |⅛⅛ police car on the travelled part of the highway while investigating another vehicle which had stopped with its front wheels off the highway and its rear wheels on the trav-elled portion of the highway. The officer parked the police car north of the stopped vehicle with the police car facing south in the northbound lane of travel. Another vehicle travelling north in its proper lane of travel struck the police car on its left front and side and then proceeded along the east shoulder of the highway, striking and killing Brooks, a pedestrian. The appellate court held that the police officer’s negligence (which included parking the police car on the highway in violation of LSA-R.S. 32:141) was a proximate cause of Brooks’ injury and death, concluding that it was reasonably foreseeable that the officer’s negligence could lead to an accident resulting in injuries to persons or property within a reasonable distance of his vehicle.
More recently, in Miller v. Bailey, 621 So.2d 1174 (La.App. 3d Cir.), writ denied, 629 So.2d 358 (La.1993), we affirmed a finding of fault on the part of a motorist, Miller, who had stopped and left his vehicle in the northbound lane of the highway (in violation of LSA-R.S. 32:141(A)), when Miller’s vehicle was knocked back six feet by an intoxicated southbound driver, causing Miller’s vehicle to *585 strike some pedestrians. We noted that Miller’s vehicle obstructed traffic and obstructed the intoxicated motorist’s path when he tried to avoid the pedestrians. We also affirmed an assessment of fault to “third persons” who had parked their vehicles on the highway shoulders (in violation of LSA-R.S. 32:296). We explained that this obstructed the flow of traffic on the highway and imperiled approaching motorists and pedestrians, noting that the pedestrians could not see approaching vehicles and that [7the parked vehicles prevented the intoxicated driver from using the road shoulder in an emergency maneuver to avoid the pedestrians and Miller’s vehicle in the road.
Thus, under certain facts, the duty to refrain from parking on the highway or shoulder could encompass the risk that a pedestrian will be struck while standing on or walking on or along the highway. Likewise, under certain facts, reasonable minds could not differ that the duty to refrain from parking on the highway or its shoulders would not encompass the risk encountered by a pedestrian. For instance, legal cause would be tenuous if the illegally parked vehicle’s only connection to the motorist-pedestrian accident was that the parked vehicle merely set up the situation that the pedestrian would be walking along the highway to return to the parked vehicle. (Interestingly, in Guillory, supra, the pedestrian, Brooks, had been a passenger in the police car not long before the officer began investigating the stopped vehicle, but Brooks had requested to be let out. The court did not address liability on the basis of the police officer’s having set up the situation that Brooks would be walking along the highway.)
Because there are unresolved genuine issues of material fact regarding the claims of negligent parking and supervision, we reverse the summary judgment on all issues and remand for further proceedings.
DISPOSITION
We reverse the summary judgment and remand for further proceedings. We assess costs of this appeal to the Chapmans and their insurer.
REVERSED AND REMANDED.